IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLINTON A. JACKSON,
*Plaintiff*,

v.

RAYMON K. NELSON.
*Defendant.*

Civil Action No. ELH-17-654

**MEMORANDUM**

This matter is rooted in an underlying bankruptcy case (WIL-13-29248) filed in the District of Maryland in November 2013 by Raymon Nelson, M.D., debtor. The case began under Chapter 11 but, in January 2015, it was converted to one under Chapter 7. Clinton Jackson, Nelson's former accountant, initiated an adversary proceeding in the bankruptcy court (WIL-15-228, "Adversary Proceeding"). The Adversary Proceeding is now before me for the second time. *See* ELH-15-3978.[1]

In the matter *sub judice*, Nelson has filed a motion (ECF 1, "Motion") seeking the withdrawal of the reference in the Adversary Proceeding, pursuant, *inter alia*, to 28 U.S.C. § 157(d). ECF 1. Jackson has responded in opposition (ECF 2). No reply has been filed and the time to do so has expired. *See* Local Rule 105.2. A hearing is unnecessary to resolve the Motion. *See* Local Rule 105.6.

Nelson, a cardiologist, argues that the court should withdraw the reference in regard to the Adversary Proceeding because Bankruptcy Judge Lipp, who is presiding over the Adversary Proceeding, previously granted summary judgment in favor of Mr. Jackson (*see* ECF 69 in WIL-15-228), and I subsequently reversed her decision. ECF 25 (Memorandum Opinion); ECF 26

---

[1] I incorporate by reference the Factual and Procedural Background set out in my Memorandum Opinion, ECF 25 at 2-13, in ELH-15-3978.

(Order) in ELH-15-3978. According to Nelson, "it would be exceedingly difficult for [Judge Lipp] to set aside the conclusions she has already reached as to the credibility of the parties and the strength of their arguments." ECF 1 at 4. In Nelson's view, "[w]ithdrawing the reference will allow the central issue in this case . . . to be tried before a judge who is unquestionably neutral, independent and impartial in the rendering of a decision." *Id.* at 5.

Section 157(d) of 28 U.S.C., which governs permissive withdrawals of reference, provides, in pertinent part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In deciding whether to withdraw the reference under § 157(d), "[t]he district court has broad discretion . . . .", subject to "cause shown." *In re Millennium Studios, Inc.,* 286 B.R. 300, 303 (D. Md. 2002) (internal quotation omitted).

In determining whether cause exists for withdrawal, courts consider the following factors: "(1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code; (2) uniformity of bankruptcy administration; (3) forum shopping; (4) conservation of creditor and debtor resources; (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." *Albert v. Site Management, Inc.*, 506 B.R. 453, 455 (D. Md. 2014). And, the movant has the burden to show cause for the permissive withdrawal of reference to the bankruptcy court. *Id.* (citing *Millennium Studios*, 286 B.R. at 303).

In my view, Dr. Nelson has failed to show cause for the withdrawal of reference. To be sure, I reversed Judge Lipp in regard to her ruling on summary judgment. But, reversal on appeal is hardly an uncommon experience for most trial judges. *See* ADMIN. OFFICE OF THE COURTS, JUDICIAL STATISTICS, *U.S. Courts of Appeals – Decisions in Cases Terminated on the*

*Merits*, *available at*: https://go.usa.gov/xXCdx. The judicial system would cease to function effectively if judges were considered unfit to preside over a case solely on the basis of having had a prior decision in the case reversed or vacated and remanded following an appeal. As explained by Justice Kennedy, concurring in the judgment in *Liteky v. United States*, 510 U.S. 540, 561-62 (1994) (internal citations omitted):

> [L]itigants . . . often seek disqualification based upon a judge's prior participation, in a judicial capacity, in some related litigation. Those allegations are meritless in most instances, and their prompt rejection is important so the case can proceed. Judges, if faithful to their oath, approach every aspect of each case with a neutral and objective disposition. They understand their duty to render decisions upon a proper record and to disregard earlier judicial contacts with a case or party.
>
> Some may argue that a judge will feel the "motivation to vindicate a prior conclusion" when confronted with a question for the second or third time, for instance, upon trial after a remand . . . . Still, we accept the notion that the "conscientious judge will, as far as possible, make himself aware of his biases of this character, and, by that very self-knowledge, nullify their effect."

*Cf Manion v. American Airlines, Inc.*, 251 F. Supp. 2d 171, 174 (D.D.C. 2003) (noting that, in the context of considering vacating reference to a magistrate judge, courts have held that "prior rulings, even if they would consistently be in favor of one party over the other, do not constitute 'good cause'") (internal quotations omitted).

In sum, Dr. Nelson has failed to show good cause for the withdrawal of reference in the Adversary Proceeding based solely on Judge Lipp's prior grant of summary judgment in favor of Mr. Jackson.

An Order follows.

Date:  March 16, 2017                                           /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge